UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

EVAN WARD KNOLL,

        Plaintiff,

v.

HORIZON BANK,

        Defendant.

_____/

Case No. 1:18-cv-524

Honorable Paul L. Maloney

# **OPINION**

This is a diversity action brought by a federal prisoner proceeding *in forma pauperis*, under 28 U.S.C. § 1332.[1]  Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2.  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

---

[1] This instant action initially was filed in the Eastern District of Arkansas.  That court transferred the action to this district, finding that Defendant Horizon Bank's principal place of business was in Indiana and that it did business in Michigan.  The real property in issue in the case is located in the Western District of Michigan.  Accordingly, venue properly lies in this district, 28 U.S.C. § 1391(b), and the Eastern District of Arkansas transferred the case to this district under 28 U.S.C. § 1406(a).  (Transfer Ord., ECF No. 4, PageID.55.)

**Discussion**

I. <u>Factual allegations</u>

Plaintiff is presently incarcerated at the federal correctional institution in Forrest City, Arkansas. Plaintiff sues Horizon Bank.

Plaintiff alleges that Defendant Horizon Bank was negligent and/or engaged in fraud when, in 2007, it failed to perform due diligence before accepting a fraudulent power of attorney from an unauthorized person to issue mortgages and personal lines of credit against six properties owned by Plaintiff. Plaintiff contends that the negligence or fraud of Defendant resulted in a loss of $9,139,520.00. He seeks compensatory damages in that amount.[2]

II. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it

---

[2] The Court notes that this is not the first action Plaintiff has filed in this Court concerning his alleged losses. In *Knoll v. Rukes*, No. 1:17-cv-1023 (W.D. Mich.), Plaintiff sought to recover his losses from the notary public who notarized the allegedly fraudulent power of attorney. The case was dismissed on December 19, 2017, because the Court lacked subject-matter jurisdiction. (1:17-cv-1023, ECF Nos. 4, 5.)

asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

This is a diversity action under 28 U.S.C. § 1332. In diversity actions, the law that is applicable to a state-law claim filed in state court is also applicable to such a claim filed in a federal court. *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). In *Guaranty Trust Co. v. York*, 326 U.S. 99 (1945), the Supreme Court applied that principle to statutes of limitations on the theory that, where one is barred from recovery in the state court, he should likewise be barred in the federal court.

Plaintiff sues Defendant Horizon Bank on state-law tort claims of negligence and fraud. The period of limitations for claims of tortious injury to persons or property is three years. Mich. Comp. Laws § 600.5805(10). Under Michigan law, the statute of limitations begins to run when "all of the elements of an action for personal injury, including the element of damages, are present." *Connelly v. Paul Ruddy's Equipment Repair & Service Co.,* 200 N.W.2d 70, 72 (Mich. 1972). The elements which must be present are:

(1) The existence of a legal duty by defendant towards plaintiff.

(2) The breach of such duty.

(3) A proximate causal relationship between the breach of such duty and an injury to the plaintiff.

(4) The plaintiff must have suffered damages.

3

*Id.* at 150, 200 N.W.2d 72. According to Plaintiff's allegations, Defendant owed him a legal duty, breached it, and caused him injury during 2007, when it negligently or fraudulently executed mortgages against Plaintiff's property based on a fraudulent power of attorney that was not signed by Plaintiff. Based on these allegations, Plaintiff's action accrued in 2007, more than 10 years before Plaintiff filed the instant action – well beyond the 3-year period of limitations. Plaintiff alleges that he learned of the injuries not later than 2008, when the bank began to foreclose on the mortgages. On the face of the complaint, therefore, Plaintiff's claims are time-barred.

Moreover, Plaintiff alleges no facts that would entitle him to tolling of the period of limitations. Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated. *See* Mich. Comp. Laws § 600.5851(9). Further, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, at *2 (6th Cir. June 17, 2002).

As the Supreme Court has recognized, "[i]f the allegations [of the complaint] show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ." *Jones v. Bock*, 549 U.S. 199, 215 (2007). Accordingly, Plaintiff's action must be dismissed for failure to state a claim.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint against Defendant Horizon Bank will be dismissed for failure to state a claim, under 28 U.S.C. § 1915(e)(2).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: June 11, 2018 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge